# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DONNA J. STERNBERG,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07CV00050 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Vernon M. Williams, Wolfe, Williams & Rutherford, Norton, Virginia, for Plaintiff; Theresa Casey, Special Assistant United States Attorney, Michael McGaughran, Regional Chief Counsel, and Victor J. Pane, Assistant Regional Counsel, Region III, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I remand the final decision of the Commissioner for further proceedings consistent with this opinion.

I

Donna Joe Sternberg filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for supplemental security income ("SSI") benefits under title XVI of the Social Security

Act, 42 U.S.C.A. §§ 1381-1383d (West 2003 & Supp. 2008) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 1383(c)(3).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

The plaintiff protectively applied for SSI benefits on February 2, 2005, alleging disability since March 1, 2003. (R. at 48-51.) The onset date was later amended to February 2, 2005. (R. at 22.) Disability Reports reveal that the plaintiff claimed disability by reason of back pain, asthma, and allergies. (R. at 56-58.) Her claim was denied initially on May 23, 2005 (R. at 37-41), and upon reconsideration on November 2, 2005. (R. at 43-45.)

The plaintiff filed a request for a hearing before an administrative law judge ("ALJ") on November 16, 2005. (R. at 46.) At the August 8, 2006 hearing, the plaintiff was represented by counsel and testified. (R. at 20-33.) No expert testimony was presented. (*Id.*) By decision dated September 8, 2006, the ALJ denied the

plaintiff's claim for SSI. (R. at 14-18.) The plaintiff filed a request for review with the Social Security Administration's Appeals Council ("Appeals Council"), but the Appeals Council denied her request. (R. at 10-11, 4-7.) Thus, the ALJ's opinion constitutes the final decision of the Commissioner. The plaintiff has filed a complaint with this court objecting to the final decision of the Commissioner.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

The summary judgment record reveals the following facts. Donna Joe Sternberg was born on July 12, 1961. (R. at 63.) She was forty-five years old at the time of the ALJ's decision, making her a younger individual under the Commissioner's regulations. *See* 20 C.F.R. § 416.963(c) (2008). The plaintiff alleges disability based on low back pain, asthma, allergies, and mental impairments.

It is apparent that the plaintiff struggled in school. Her first grade teacher noted that the plaintiff needed "everything" and that she had "very little" abilities. (R. at 91.) In the second grade, when she was nine years old,[1] she received an "S-" in

---

[1] Ordinarily, children entering the second grade are seven or eight years old. It is unclear whether the plaintiff started school late or was held back in kindergarten or first grade.

- 3 -

every subject—Social Studies, Language Arts, Mathematics, Science, and Arts and Crafts.[2] (*Id.*) She was not assigned separate grades for subject matters in the third grade, but her teacher noted "Unsatisfactory" for all subjects. (*Id.*) Her fourth grade teacher described her abilities as "below average" and noted the plaintiff needed special education. That year, she earned a "D-" in Social Studies, Language Arts, Mathematics, Reading, and Spelling; a "D+" in Science and Health; a "C-" in Writing; a "B-" in Arts and Crafts; a "B+" in Physical Education; and an "A-" in Music. (*Id.*) In fifth grade, the plaintiff earned a "C-" in Special Education and a "C" in Physical Education. According to school records, there were 92 days when the plaintiff should have been in school. She was absent 43 days.[3] (*Id.*) In the sixth grade, the plaintiff earned an "S-" in reading and an "S" in Language Arts and Mathematics. She missed 24 of 89 classes that year. (*Id.*) In seventh grade special education classes, the plaintiff earned grades in the sixtieth and seventieth percentiles. She was expelled from school in the eighth grade when she became pregnant. (R. at 24.)

---

[2] Although the school records do not explain what is meant by "S," I assume it means "Satisfactory." Thus, an "S-" would be a "Satisfactory, minus."

[3] There are, of course, more than 92 days in a school year. It appears that the plaintiff was either not enrolled for the full school year or that she attended classes at another school, whose records have not been included in the summary judgment record. The same holds true for the plaintiff's fourth, fifth, and sixth grade years. (R. at 92.)

- 4 -

Case 2:07-cv-00050-JPJ   Document 14   Filed 08/24/08   Page 4 of 14   Pageid#: 53

In the second, fourth, and fifth grade years, teachers noted problems with the plaintiff's speech. (R. at 92.) In the fourth grade, the plaintiff took an I.Q. test. Although the result of that test is included in her school records, the actual score has been cut off in the process of copying the records. (R. at 92.)

The plaintiff has not obtained a general equivalency diploma and testified that she cannot read or write. (R. at 24, 28.) She has never worked outside the home. (R. at 24.)

In 1994, the plaintiff underwent testing for her allergies at The Regional Allergy, Asthma & Immunology Center, P.C. (R. at 93.) A skin diagnostic profile for inhalant allergens was created. The plaintiff testified that she is allergic to 75 different substances. (R. at 24-25.) She also indicated that she had received allergy shots for about a year, but stopped because she had an adverse reaction to the shots, prompting a hospital visit. (R. at 25.) It is unclear whether the plaintiff is currently receiving any treatment for her allergies.

The plaintiff also complains of asthma. She does not have a primary care physician, but her asthma is documented, circumstantially, by her prescription drug records from Cumberland Drug. (R. at 94-105.) Between January 2002 and July 2004, the plaintiff filled prescriptions for, inter alia, Flovent and Albuterol. (*Id.*) At

the hearing she testified that she used her sister's inhaler because she did not have enough money to purchase her medications. (R. at 29.)

Lastly, the plaintiff complains of back pain. Because the plaintiff does not have a primary care physician, her complaints of back pain are mostly documented in her medical history or as secondary complaints in emergency room records. (R. at 110, 116, 118-19, 124, 126, 132, 135, 140, 142, 148-49, 182, 184-85, 187, 192, 195, 203, 207, 211, 215, 221, 227, 230, 238, 240, 250, 252, 259, 267, 276, 279.) There are no instances in the record where the plaintiff's presenting complaint at the emergency room was back pain. (R. at 106-65, 179-279.)

The plaintiff's back was also assessed by Kevin Blackwell, D.O., in conjunction with her claim for SSI. (R. at 166-71.) On April 20, 2005, the plaintiff told Dr. Blackwell that she had been in six or seven motor vehicle accidents and had suffered from back pain for about ten years. She described her pain level as 10/10 on an average day. (R. at 166.) Dr. Blackwell observed that her gait was symmetrical and balanced. (R. at 168.) He noted tenderness in her back without spasms. He diagnosed her with chronic low back pain but found no limitation based on that pain. (*Id.*) He concluded that she was "capable of sitting for eight hours in an eight-hour day or standing for eight hours in an eight-hour day[,] assuming normal positional

- 6 -

Case 2:07-cv-00050-JPJ   Document 14   Filed 08/24/08   Page 6 of 14   Pageid#: 55

changes." (R. at 169.) Dr. Blackwell acknowledged that a functional capacity evaluation would better delineate objective limitations. (*Id.*)

At Dr. Blackwell's request, X rays were taken of the plaintiff's lumbar spine. (R. at 171.) Although there was mild loss in height and degenerative spurring at L1, the remaining vertebra had normal height and density, and the disc spaces were maintained. (*Id.*)

The plaintiff was also examined by two state agency physicians, Richard M. Surrusco, M.D. and Michael J. Hartman, M.D. (R. at 172-78.) In their Residual Functional Capacity Assessment, they found that the plaintiff was limited to lifting or carrying not more than fifty pounds occasionally and not more than twenty-five pounds frequently. (R. at 173.) The doctors also found that plaintiff was limited to about six hours of standing/walking and six hours of sitting in an eight-hour work day. (*Id.*) They found she had unlimited ability to push and pull and had no postural limitations. (R. at 173-74.) The doctors found that the plaintiff's subjective statements of limitations were consistent with other evidence before them, and that, generally, her statements were "partially credible." (R. at 177-78.) They also noted that Dr. Blackwell's opinion of no limitations was only partially consistent with the evidence in the file. (R. at 178.)

The ALJ found that the plaintiff had medically determinable impairments of low back pain and allergies, but that she did not have a severe impairment or combination of impairments that would significantly limit her ability to perform basic work-related activities. (R. at 16.) He further found that even if the plaintiff was limited to unskilled medium exertional work, as found by Drs. Surrusco and Hartman, that there were a significant number of jobs which the plaintiff could perform. (R. at 18.)

The ALJ made no explicit findings with regard to the plaintiff's asthma and did not acknowledge the possibility of a mental impairment. (R. at 14-18.)

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental . . . impairments are of such severity that [she] . . . cannot, considering [her] age, education, and work experience, engage in any . . . substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A) (West Supp. 2008).

The Commissioner applies a five-step sequential evaluation process in assessing SSI claims. The Commissioner considers whether the claimant (1) has

- 8 -

Case 2:07-cv-00050-JPJ   Document 14   Filed 08/24/08   Page 8 of 14   Pageid#: 57

worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. § 416.920(a)(4) (2008). If it is determined at any point in the five-step analysis that the claimant is not disabled, then the inquiry immediately ceases. *See id.*; *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987).

My review is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision and whether the correct legal standard has been applied. 42 U.S.C.A. § 405(g) (West Supp. 2008); *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). If substantial evidence exists, the final decision of the Commissioner must be affirmed. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws*, 368 F.2d at 642. It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. It is not the role of this court to substitute its judgment for that of the Commissioner, so long as

substantial evidence provides a basis for the Commissioner's decision. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

The plaintiff is entitled to a full and fair hearing before an ALJ in pursuing her claims. 20 C.F.R. §§ 404.929, 404.944 (2008). Regardless of whether a claimant is represented by counsel at her hearing, the ALJ has an independent duty to develop fully and fairly the record so that he may make an informed decision about the claimant's eligibility for SSI. *See Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986). Although the plaintiff bears the burden of proving that she is disabled, the ALJ may not "rely only on the evidence submitted by the claimant when that evidence is inadequate." *Id.* at 1173. "[F]ailure to ask further questions and to demand production of further evidence as permitted by 20 C.F.R. § 404.944 [may] amount[] to neglect of [the ALJ's] duty to develop the evidence." *Id.* at 1173-74.

The plaintiff contends that the ALJ's conclusions were not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ erred when he found that the plaintiff's low back pain and allergies were not severe impairments; when he failed to find that the plaintiff was impaired by asthma; and when he failed to address her mental faculties. The Commissioner asserts that the ALJ's opinion is supported by substantial evidence, pointing to Dr. Blackwell's assessment of no limitations and the ALJ's alternate finding that even with the limitations

- 10 -

Case 2:07-cv-00050-JPJ   Document 14   Filed 08/24/08   Page 10 of 14   Pageid#: 59

recommended by Drs. Surrusco and Hartman, there were a significant number of jobs that the plaintiff could perform.  The Commissioner further argues that there was substantial evidence in the record from which the ALJ could conclude that the plaintiff did not have mental impairments.

I find that the ALJ erred when he failed to consider whether the plaintiff suffered from a mental impairment which by itself or in conjunction with her physical impairments caused the plaintiff to be disabled.  Although there may have been substantial evidence in the record to support the ALJ concluding that the plaintiff did not suffer from a mental impairment, there is simply no indication in his opinion that he entertained that possibility.  (R. at 14-18.)  In fact, the ALJ concluded that there was no evidence "that any of her impairments would impose even a slight limitation on her ability to work."  (R. at 18.)  Even if not disabling, the plaintiff's functional illiteracy might pose more than a slight limitation on her ability to work.  *See, e.g.*, *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001).

There was evidence in the record indicating that the plaintiff might suffer from some mental impairment, which evidence included poor grades, placement in special education classes, limited education, professed illiteracy, poor attendance in school, speech problems, and memory problems.  (R. at 24, 28, 30, 32, 91-92.)  In addition, the various forms she submitted to the Social Security Administration also indicate

limited mental capability. (R. at 53-62, 67-76, 78-85.) It is apparent that more than one person completed the forms because of the varying styles of handwriting, including what appear to be left-handed and right-handed responses. Furthermore, many of the answers are nonresponsive to the questions asked. Finally, although the plaintiff never included mental impairments as a disability on her forms,[4] someone from the Social Security Administration speculated that the plaintiff might have a mental disability after speaking with her. (R. at 51.)

In short, there were numerous indications that the plaintiff might suffer from a mental impairment which ought to be explored further. The ALJ is obligated to state his conclusions and to explain them so that a reviewing court may determine whether those conclusions were supported by substantial evidence. *See Cook*, 783 F.2d at 1172 ("First, the Secretary is required by both the Social Security Act, 42 U.S.C. § 405(b), and the Administrative Procedure Act, 5 U.S.C. § 557(c), to include in the text of her decision a statement of the reasons for that decision."). In this case, the ALJ made no finding with regard to the plaintiff's mental abilities. (R. at 14-18.) It is impossible for the court to discern whether a nonexistent conclusion is supported by substantial evidence. *See Cook*, 783 F.2d at 1173 ("The ALJ should have

---

[4] In the Disability Report, the plaintiff failed to answer the question which asked what illnesses, injuries, or conditions limited her ability to work. (R. at 54.)

- 12 -

identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [the plaintiff's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination."). Accordingly, the case will be remanded so that the ALJ may consider the plaintiff's mental capabilities, including requesting further information if deemed appropriate. *See* 20 C.F.R. §§ 404.944, 416.1016 (2008). In so remanding, I make no judgment about the likelihood that the plaintiff will succeed in proving that she is disabled.

Because I remand with regard to the plaintiff's claim of mental impairments, I make no decision about whether substantial evidence supported the ALJ's conclusions with regard to the plaintiff's physical impairments. If the ALJ concludes that the plaintiff suffers from a mental impairment, it will be necessary for him to consider that in conjunction with her physical impairments. *See* 20 C.F.R. § 416.923 (2008); *Cook*, 783 F.2d at 1174.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment will both be denied and the case

will be remanded to the Commissioner for further proceedings consistent with this Opinion.  A separate order will be entered herewith.

        DATED: August 24, 2008

         /s/ JAMES P. JONES
        Chief United States District Judge